1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| MICHAEL ANDERSON, an individual, and TRACEY ANDERSON, an individual, | Case No. 2:16-cv-00785 |
| Plaintiffs, | COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES |
| vs. | COLLECTIVE ACTION |
| REED HEIN & ASSOCIATES LLC, a Washington Limited Liability Company, d/b/a TIMESHARE EXIT TEAM, | JURY DEMAND |
| Defendant. | |

10
11
12
13
14
15
16
17

## I. INTRODUCTION

18
19
20
21
22
23
24
25
26

1.      Despite a plethora of resources available to businesses from the IRS, the Department of Labor, and law firms nationwide, employers of all sizes continue to violate the law on the classification of their workers.  A company's decision to classify its workers as independent contractors provides significant savings to a business, but misclassification comes at a price to workers.  That price includes unpaid wages, unpaid overtime and minimum wages, unpaid employer taxes, unpaid workers' compensation benefits, and unpaid benefits.  Defendant Reed Hein & Associates LLC, doing business as Timeshare Exit Team, has failed to properly classify Plaintiffs as employees, to pay Plaintiffs for all hours worked, and to pay overtime.

2.      Defendant touts itself a consumer protection firm that assists timeshare owners in

27

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 1

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

dissolving their timeshare contracts.  Timeshare Exit Team has procured endorsements from Glenn Beck, Dave Ramsey, and various other prominent figures and radio stations. The company has over 30 offices across North America and more than 100 employees.  Unfortunately, and illegally, Timeshare Exit Team treats many of these employees illegally by misclassifying them as independent contractors rather than employees.  Additionally, Timeshare Exit Team fails to pay its workers wages due to them for all hours worked and overtime premiums.

3.　　　Plaintiffs Michael and Tracey Anderson ("Plaintiffs"), on their own behalf and on behalf of all other similarly-situated persons, bring this Complaint for Injunctive Relief and Damages to obtain from Defendant all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under law and equity.  Plaintiffs bring their claims as a nationwide collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b).

## II.  JURISDICTION AND VENUE

4.　　　Defendant is within the jurisdiction of this Court.  Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiffs assert legal claims under federal law, namely, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

5.　　　Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C.§ 1391 because Defendant conducts sufficient business, resides, and has its headquarters in this District.

## III.  PARTIES

6.　　　Defendant Reed Hein & Associates LLC, doing business as Timeshare Exit Team, is a Washington limited liability company with its corporate headquarters in Lynnwood, Washington.

7.　　　Reed Hein operates office locations in multiple states across the country, including in Lynnwood, Washington and Oak Brook, Illinois.

8.　　　Defendant operates in interstate commerce by, among other things, providing

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2

timeshare exit services to customers in multiple states across the country, including Washington.

9.    At all relevant times, Defendant is, and has been, an "employer" for purposes of 29 U.S.C. § 203(d).

10.    Plaintiff Michael Anderson is an adult resident of the State of Illinois.  He was a Client Advisor for Defendant from August to December 2015.

11.    Plaintiff Tracey Anderson is an adult resident of the State of Illinois.  She was a Client Advisor for Defendant from August to December 2015.

12.    The term "Plaintiffs" as used in this Complaint refers to the named Plaintiffs and any other represented class members pursuant to the collective action provision of 29 U.S.C. § 216(b).

## IV.  CLASS ACTION ALLEGATIONS

13.    Plaintiffs, on behalf of themselves and all similarly-situated individuals, restate and incorporate by reference the above paragraphs as if the same were alleged herein.

14.    Plaintiffs file this action on behalf of themselves and all similarly-situated individuals.  Pursuant to 29 U.S.C. § 216(b), Plaintiffs' signed consent forms are attached as Exhibit A.

15.    The class of similarly-situated individuals is defined as follows:

> All persons who are, have been, or will be employed by Defendant as Client Advisors, Regional Consultants, Corporate Consultants, or any other position with equivalent or substantially similar duties to Client Advisors, Regional Consultants, or Corporate Consultants, at any time from three years prior to the filing of this Complaint through the entry of judgment, and whose job was at some point during their employment with Defendant was or is classified as an independent contractor.

16.    At all times, Defendant operated a willful scheme to deprive its Client Advisors of wages for hours worked, overtime compensation, and protections concomitant with employee

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 3

status but not independent contractor status, such as the ability to collect unemployment compensation benefits.

17.     Plaintiffs and other putative class members were systematically denied full compensation for all their hours worked including, but not limited to, payment of overtime premiums.

18.     Plaintiffs and other putative class members were economically dependent on Defendant and performed work integral to Defendant's business.

19.     Plaintiffs and other putative class members did not have managerial responsibility.

20.     Plaintiffs and other putative class members were not in business for themselves and did not invest in any tools or equipment; rather, their computers, cell phones, scripts, and all work-related software were provided for by Defendant.

21.     Plaintiffs and other putative class members did not operate independent business judgment, nor were they in competition with other employees as they were assigned "leads" by Defendant for which they were responsible.

22.     Plaintiffs and putative class members were paid on commission.

23.     Plaintiffs and putative class members worked more than 40 hours per week without overtime pay.

24.     Plaintiffs and putative class members worked many hours without getting paid at all.

25.     Plaintiffs and putative class members were denied their commissions.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 4

HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

26.     Defendant was aware, or should have been aware, that Plaintiffs and putative class members performed non-exempt work that required payment of overtime compensation. For instance, Plaintiffs worked six days a week, and often very long hours.

27.     During the entire time Plaintiffs worked for Defendant, Defendant controlled every aspect of Plaintiffs' and other putative class members' schedules, manner of work, pay amounts, work hours, how the work was performed, among other factors.  Even when Plaintiffs worked remotely from home, Defendant still exercised substantial control over the working relationship.

28.     Plaintiffs and other putative class members had what they believed to be a permanent or indefinite working relationship with Defendant.  They were promised to be reclassified as employees and given benefits after a "probationary" period.

29.     For their entire probationary period, and after, Plaintiffs were paid only on commission, and not for all hours worked.

30.     After their probationary period, Plaintiffs' work situation did not change; they still were paid only on commission, and only as 1099 income, and not for all hours worked.

31.     The only change following the probationary period was that Plaintiffs began receiving health benefits.

32.     Defendant's commission-only compensation system resulted, or results, in its workers performing unpaid work.  For example, Plaintiffs were not paid for time spent preparing for web conferences, attending trainings, memorizing Defendant's mandated scripts, attempting to conduct conferences for which they had prepared but the client was a "no show," or performing various other tasks that Defendant required them to do.

HKM Employment Attorneys llp
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

33.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and other putative class members.  Accordingly, notice should be sent to the putative class members.  There are numerous similarly-situated current and former employees of Defendant who have suffered from the Defendant's practice of misclassifying its workers as independent contractors, failing to pay minimum wage, failing to pay overtime, and failing to pay them all commissions due.  These individuals would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  These individuals are known to Defendant, are readily-identifiable, and can be located via Defendant's records.

### V.  CLAIMS
### Violations of the Fair Labor Standards Act
### (Representative Plaintiffs and the Class vs. Defendant)

34.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein.

35.     Defendant regularly engages in commerce and its employees and independent contractors engage in interstate commerce.

36.     Defendant is and has been an employer for purposes of the FLSA, 29 U.S.C. § 203(d).

37.     Despite misclassification, Plaintiffs and the putative class members have been employees of Defendant for purposes of the FLSA, 29 U.S.C. §203(e).

38.     <u>Failure to Pay Minimum Wage</u>. While employed by Defendant, Plaintiffs and putative class members performed work for Defendant for which they were not compensated. Defendant has violated 29 U.S.C. § 206 in failing to pay Plaintiffs and the putative class the legal minimum wage for all hours worked.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 6

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

39.   <u>Failure to Pay Overtime Compensation</u>.  While employed by Defendants, Plaintiffs and putative class members performed work outside of a 40-hour work week for which they received no additional compensation. Defendant has violated 29 U.S.C. § 207 in failing to pay Plaintiffs and the putative class the one and one-half their regular rate of pay for hours worked in excess of 40 hours in a week.

40.   <u>Willful Violations</u>.  Throughout the class period, Defendant has willfully, deliberately, and knowingly refused to pay Plaintiffs and the putative class members for all hours worked and for overtime hours worked.  Defendant's conduct constitutes a willful violation under 29 U.S.C. § 255(a).

41.   Defendant should cease its unlawful conduct now and in the future with (a) a judicial declaration which clearly states the illegality of the conduct and (b) an injunction barring Defendant from engaging in such illegal conduct in the future.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all others similarly situated, demand judgment against Defendant and pray this Court do the following:

A.   Certify this case as a collective action under 29 U.S.C. § 216(b).

B.   Declare that Defendant is financially responsible for notifying all Class Members of Defendant's wage and hour violations.

C.   Declare that Plaintiffs and the Class Members were not, and are not, independent contractors.

D.   Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with Defendant, from engaging in the unlawful conduct set forth herein.

E.   Appoint Plaintiffs as representatives of the Class.

F.   Appoint the undersigned counsel as counsel for the Class.

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

G.     Declare that Defendant's actions complained of herein violate the FLSA.

H.     Award Plaintiffs and the Class compensatory and liquidated damages.

I.     Award Plaintiffs and the Class reasonable attorneys' fees and costs (including for experts).

J.     Order Defendant to make Plaintiffs and the other Class Members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful practices.

K.     Grant leave to add additional plaintiffs and/or state law claims by motion, the filing or written consent forms, or any other method approved by the Court.

L.     Grant any additional or further relief as provided by law or equity which this Court finds necessary, appropriate, equitable, or just.

## VII.  JURY DEMAND

Plaintiffs demand a jury on all claims so triable.

RESPECTFULLY SUBMITTED:  May 27, 2016.

By: s/ Donald W. Heyrich
By: s/ Jason A. Rittereiser
By: s/ Rachel M. Emens

Donald W. Heyrich, WSBA #23091
Jason A. Rittereiser, WSBA #43628
Rachel M. Emens, WSBA #49047
**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, WA  98101
Tel: (206) 838-2504
Fax: (206) 838-2505
Email: dheyrich@hkm.com
        jrittereiser@hkm.com
        remens@hkm.com

By: s/ Peter Stutheit

Peter Stutheit, WSBA #32090
**STUTHEIT KALIN LLC**
308 SW First Avenue, Suite 325
Portland, OR 97204

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 8

Tel: (503) 493-7488
Fax: (503) 715-5670
Email: peter@stutheitkalin.com

*Attorneys for Plaintiffs*

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 9

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

# CONSENT TO SUE UNDER THE FLSA

I, Tracey Anderson, hereby consent to be a Plaintiff in this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure any unpaid wages, commissions, overtime pay, liquidated damages, attorneys' fees, costs, and other relief arising out of my employment with Reed Hein & Associates LLC, doing business as Timeshare Exit Team, and any other associated parties.  I authorize HKM Employment Attorneys LLP, Donald W. Heyrich and any associated attorneys, Stutheit Kalin LLC, Peter Stutheit and any associated attorneys, as well as any successors or assigns, to represent me in this action.

Date: May 25, 2016

Tracey Anderson

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 9

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

# CONSENT TO SUE UNDER THE FLSA

I, Michael Anderson, hereby consent to be a Plaintiff in this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure any unpaid wages, commissions, overtime pay, liquidated damages, attorneys' fees, costs, and other relief arising out of my employment with Reed Hein & Associates LLC, doing business as Timeshare Exit Team, and any other associated parties.  I authorize HKM Employment Attorneys LLP, Donald W. Heyrich and any associated attorneys, Stutheit Kalin LLC, Peter Stutheit and any associated attorneys, as well as any successors or assigns, to represent me in this action.

Date: 5/25/2016

Michael Anderson

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 10