The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ANDERSON and TRACEY ANDERSON,<br><br>         Plaintiffs,<br><br> v.<br><br>REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM,<br><br>         Defendant. | No. 2:16-cv-00785-RSL<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT, CLASS NOTICE, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS** |

   This matter comes before the Court on the "Unopposed Motion for Approval of Settlement, Class Notice, Service Awards, and Attorneys' Fees." Dkt. # 12. Having reviewed the papers submitted, the Court finds as follows:

   1.  The Settlement is fair and reasonable. The Court therefore approves the Settlement Agreement and Release attached to the Declaration of Donald W. Heyrich (Dkt. # 15) as Exhibit 1;

   2.  The Court certifies a Settlement Class comprised of the individuals identified in Exhibit C to the Settlement Agreement and Release (Dkt. # 15 at 38-39) pursuant to 29 U.S.C. § 216(b) for settlement purposes only;

   3.  With two exceptions, the Court approves the Notice and Claims Form, attached to the Settlement Agreement as Exhibits A and B, respectively, as well as the procedures relating to

ORDER GRANTING MOTION FOR APPROVAL OF
SETTLEMENT, CLASS NOTICE, SERVICE AWARD, AND
ATTORNEYS' FEES AND COSTS - 1

| | |
|---|---|
| 1 | their dissemination to and return by the Settlement Class. The Notice shall be amended to define |
| 2 | the Class Period (Dkt. # 15 at 32) and to delete the admonition against contacting the Court (Dkt. |
| 3 | # 15 at 33); |
| 4 | 4. Plaintiffs request an award of attorney's fees in the amount of $145,693, which is |
| 5 | 27% of the common fund obtained in settlement. Courts typically set a benchmark of 25% of the |
| 6 | fund as a reasonable fee award: any increase or decrease from that amount should be |
| 7 | accompanied by an adequate explanation based on the circumstances of the case. Six (6) |
| 8 | Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990). Although |
| 9 | plaintiffs correctly identify the factors courts consider when evaluating a request for fees in |
| 10 | excess of the benchmark amount, they make no effort to show that this case is in any way special |
| 11 | or extraordinary. The plaintiffs in Adoma v. Univ. of Phoenix, Inc., 913 F. Supp.2d 964, 982 |
| 12 | (E.D. Cal. 2012), in contrast, showed that counsel provided high quality representation in a |
| 13 | heavily-litigated case that involved two rounds of dispositive motions, multiple forums, and a |
| 14 | contested class certification motion. Plaintiffs won virtually every issue, and the demands of the |
| 15 | case exceeded those of a typical wage and hour action and justified an increase in the fee award. |
| 16 | In Vizcaino v. Microsoft Corp., 290 F.3d 1043 (9th Cir. 2002), the plaintiffs forced Microsoft to |
| 17 | reclassify certain temporary employees on a nationwide basis, yielding benefits to those |
| 18 | employees of over $100 million plus a cash settlement of an almost equal amount and the |
| 19 | establishment of important precedent in employment law. The extraordinary relief obtained |
| 20 | justified an award of 28% of the common fund. |
| 21 | In this case, plaintiffs have shown no more than that the representation was good, the |
| 22 | relief obtained was reasonable, the issues involved wage and hour claims, and the risk of |
| 23 | nonpayment was the same as in every other case litigated on a contingency basis. Plaintiffs have |
| 24 | failed to show any special circumstance that would justify an increase in the benchmark award in |
| 25 | this case.[1] The Court finds that $135,000 (25% of the common fund) is a fair and reasonable |

---

[1] Plaintiffs cite several cases in which courts were willing to grant common fund percentages of over 25%, but they do not discuss the reasoning of those cases or apply it to the circumstances presented here.

ORDER GRANTING MOTION FOR APPROVAL OF
SETTLEMENT, CLASS NOTICE, SERVICE AWARD, AND
ATTORNEYS' FEES AND COSTS - 2

attorney's fee award based on the circumstances of this case and the lodestar comparison. The 2% of the common fund not awarded to counsel shall be available for distribution to the class pursuant to the formula set forth in the Settlement Agreement and Release.

5. The Court finds that the costs requested by Plaintiffs' Counsel in the amount of $4,307 were reasonably incurred in pursuit of this action on behalf of the class. Class Counsel are awarded $4,307 in costs from the settlement amount.

6. The Court finds that the service award requested by each of the Named Plaintiffs in the amount of $5,000 is fair and reasonable under the circumstances of this case. Plaintiffs Tracey Anderson and Michael Anderson are each awarded $5,000 as a service award from the settlement amount.

7. The Court approves the Settlement Administrator's fees of $5,000 for Simpluris, per the terms of the Settlement Agreement;

8. The Court finds that each Party shall bear his or its own attorneys' fees and costs except as otherwise provided herein;

9. The Court Dismisses the Action and all Released Claims without prejudice as to Named Plaintiffs and all Participating Settlement Class Members (also referred to as Eligible Settlement Class Members), with such dismissal becoming a dismissal with prejudice fifteen (15) business days after the lapse of the Notice Deadline, provided the payments required under Section 15 of the Settlement Agreement have been made and Reed Hein does not terminate the Settlement pursuant to Section 25 of the Settlement Agreement;

10. The Court shall have continuing jurisdiction over the Action (including for purposes of submitting the returned Settlement Consent Forms from Eligible Class Members as set forth in Section 14 of the Settlement). During the period of time in which the dismissal is without prejudice, Plaintiffs may file a motion for leave to reinstate should Reed Hein either fail to make payment as required under Section 15 of the Settlement or exercise its right to terminate the Settlement pursuant to Section 25; and

11. After the case is dismissed with prejudice, the Parties agree to submit any

ORDER GRANTING MOTION FOR APPROVAL OF
SETTLEMENT, CLASS NOTICE, SERVICE AWARD, AND
ATTORNEYS' FEES AND COSTS - 3

unresolved dispute regarding the Settlement to mediator Teresa Wakeen, and to be bound by her decision as to such dispute in the event it cannot be resolved by agreement.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2018.

*[signature]*
HON. ROBERT S. LASNIK
UNITED STATES DISTRICT COURT JUDGE

ORDER GRANTING MOTION FOR APPROVAL OF
SETTLEMENT, CLASS NOTICE, SERVICE AWARD, AND
ATTORNEYS' FEES AND COSTS - 4